# Benjamin S. Roberts *vs.* Samuel Smith and Arthur Halferty.

### *Appeal from Lee.*

If a suit at law should be brought by A, for the use of B, against C, during the absence of A and without authority from B, and judgment had, C would have an equitable grounds to enjoin the judgment.

The only point incidentally determined, and the facts of the case are set forth in the opinion of the court.

At October term, 1844, of the District Court of Lee, the following decree was made in this cause : " On this day came the said complainant by B. S. Roberts, his solicitor, and the said defendants by D. F. Miller, their solicitor, and after argument of said counsel, it is ordered, adjudged and decreed by the court, that the injunction in this suit be dissolved, and that execution issue in this suit for costs as a suit at common law."

From which the complainant appealed to this court.

PER CURIAM, MASON, CHIEF JUSTICE.—This was a bill filed to enjoin proceedings at law in a suit brought in the name of Smith for the use of Halferty, against Roberts the complainant. The only matter set forth in the bill, which if true, would entitle the complainant to relief is the allegation, that the suit was brought in the absence of Smith and without any authority from him, and that Halferty had no such interest in the claim sued upon as to entitle him to institute the suit in that manner. No irregularity or even error apparent upon the record will support this proceeding, for in such cases the law has provided a different and an adequate remedy.

But the above allegation in the bill is met by a denial in the answer of the defendant, Halferty, who states that the account on which the suit at law was instituted, had been duly assigned to him for a valuable consideration, and this allegation is supported by the testimony. This gave him a right to sue in that form. The decree of the court dismissing the bill was therefore correct and must be affirmed, which is accordingly done.